Judge Owsley
delivered the opinión of the court.
This suit was brought by the appellant, asserting the better equity to the land in contest, under an entry made in his own name, and in virtue of a purchase which he alleges to have been made by him from Grundy.
Kendal, Baird and Grundy, each, appear to have had separate entries. Those of Baird and Grundy were first carried into grant; and the bill charges the entry of Baird to be uncertain, but alleges that he has by purchase obtained a conveyance from Grundy, whose entry is alleged to be sufficiently certain; but it is also charged that Grundy before he sold to Baird, had, for a valuable consideration, bound himself to convey to Kendal, and that Baird had notice of Kendal’s equity when he obtained a conveyance from Griindy; the bill also charges Kendal’s entry to be a valid one, and asks for a conveyance of the land; but if that cannot be granted to bim, he prays for compensation against Grundy, &c.
The answers admit nothing material in favor of the appellant’s right to relief, and on a final hearing his bill was dismissed with cost.
There appears to have been no effort made during the progress of the cause, to establish the appellant’s right to relief under his entry; so, that if he can, upon any pririti-ple, be relieved, it must be in consequence of the alleged purchase from Grundy.
With respect to the claim against Baird, under that purchase, it might be sufficient to observe, that he is charged by the bill to be a purchaser, and there is not the slightest evidence of his having had notice pf a prior equity.
But what is conclusive, not as respects Baird only, but as to Grundy also, the appellant has totally failed to manifest any obligation vupon Grundy for a conveyance of the land. He has, it is true, exhibited a receipt under the hand of Grundy, acknowledging the payment by Kendal of eight pounds for a one hundred acre entry, included in Baird’s survey; but as from the evidence and other exhibits in the cause, Grundy appears to have previously purchased an entry of that description from Kendal, and afterwards restored it to him, the plain inference is, that the eight pounds was paid as the consideration for cancelling the contract in *76 relation to that entry. This inference is the more, natural when it is recollected that the entry which was carried into grant by Grundy, and under which he conveyed to Baird, is lor 825 acres; so that the receipt, as it purports to be for a one hundred acre entry, cannot, in the understanding of the parties, have been intended to bind Grundy to convey any part of the entry patented in his name.
The decree of the court below must, therefore, be affirm - ed with cost.